IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gladys Holmes Green, | ) C/A No. 0:16-cv-3500-DCC |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On January 16, 2018, Magistrate Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 25. On January 30, 2018, Plaintiff filed objections to the Report, ECF No. 26, and the Commissioner filed a reply on February 13, 2018, ECF No. 27. For the reasons stated below, the Court declines to adopt the Report and remands this matter to the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for DIB and SSI in January 2013 alleging disability as of January 4, 2013. Plaintiff's applications were denied initially and upon reconsideration. On February 12, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a decision dated April 10, 2015, finding that Plaintiff was not disabled within the meaning of the Act and retained the residual functional capacity ("RFC") to perform medium work with limitations. Plaintiff submitted additional evidence to the Appeals Council,

which denied Plaintiff's request for review on August 23, 2016, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate erred in finding that the ALJ: (1) properly assessed Plaintiff's RFC; (2) appropriately considered the opinion evidence of Plaintiff's treating physicians; and (3) properly evaluated Plaintiff's memory problems and inability to follow instructions.

Plaintiff first contends that the ALJ improperly discounted Plaintiff's right shoulder capsulitis by relying on Plaintiff's failure to attend physical therapy. In its decision, the ALJ noted Plaintiff's prior diagnosis of "adhesive capsulitis of the right shoulder with some limitation of motion." ECF No. 9-2 at 85. Emphasizing Plaintiff's failure to attend prescribed physical therapy, the ALJ held that "[a]lthough [it] acknowledge[d] testimony suggesting the claimant cannot afford adequate medical care, there is no evidence that she has sought help through the multitude of channels available for indigent individuals, such as those offered by charities. The claimant's minimal and moderate treatment for conditions alleged to be incapacitating lessen the credibility of the claimant as to the severity of her symptoms." ECF No. 9-2 at 85–86.

"The Social Security Administration states 'the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations' such as '[inability] to afford treatment and [lack of] access to free or low-cost medical services.'" *Craig v. Colvin*, No. 2:13-cv-27-BO, 2014 WL 2039591, at *3 (E.D.N.C. May 8, 2014) (quoting SSR 96-7p). Indeed,

3

the Fourth Circuit Court of Appeals has noted that "[a] claimant may not be penalized for failing to seek treatment she cannot afford; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)).

Here, the ALJ disregarded evidence that Plaintiff could not afford physical therapy for her shoulder pain despite evidence that she had been compliant with earlier recommendations for physical therapy for other conditions. *See* ECF No. 9-3 at 13. The ALJ further minimized Plaintiff's credibility by stating that she did not avail herself of the "multitude of channels available for indigent individuals, such as those offered by charities." ECF No. 9-2 at 85. Yet, there is no evidence that any such charitable care was available to Plaintiff, particularly in light of the fact that Plaintiff is from a small, rural community. *See Preston v. Heckler*, 769 F.2d 988, 990 n.1 (4th Cir. 1985) (holding that the Commissioner has the burden of production with respect to the issue of failing to follow prescribed treatment). Accordingly, we find that the ALJ committed legal error in its evaluation of Plaintiff's RFC. Further, we find that the ALJ's error was prejudicial, as proper consideration of Plaintiff's alleged shoulder injury may warrant a RFC of less than medium work with restrictions. Therefore, the case is remanded for a rehearing as to Plaintiff's disability claims. As resolution of Plaintiff's objection regarding the ALJ's determination of her RFC is dispositive, the Court need not address Plaintiff's remaining objections.

## CONCLUSION

For the reasons set forth above, the Court respectfully declines to adopt the Report and remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

                                                                                              s/ Donald C. Coggins, Jr.
                                                                                              United States District Judge

March 29, 2018
Spartanburg, South Carolina